Michael **NORTHRUP** and Homer Max Wiesen, Appellants,

v.

**SOUTHWESTERN BELL TELE-PHONE COMPANY, et al.,** Appellees.

No. 13–00–377–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 21, 2002.

Rehearings Overruled April 11, 2002.

Homer Max Wiesen, Denton, Michael Northrup, Dallas, for appellants.

Bobby M. Rubarts, David J. Schenck, Kevin J. Franta, Robert E. Davis, Hughes & Luce, Jeffrey M. Tillotson, Lynn Tillotson & Pinker, John T. Cox, III, Russell J. DePalma, Dallas, David F. Brown, Austin, Jorge C. Rangel, Rangel Law Firm, Corpus Christi, Michael R. Cowen, Brownsville, for appellees.

Before Justices DORSEY, YAÑEZ, and CASTILLO.

## OPINION

DORSEY, Justice.

This case involves the settlement of a class action lawsuit brought against Southwestern Bell Telephone Company (SWBT) seeking recovery of allegedly improper charges contained on its customers' bills. The class plaintiffs and Southwestern Bell reached a tentative settlement prior to the trial court's certification of the class. The trial court then conditionally certified the class, and notice was sent to all class members of both the pendency of a potential class action and of its proposed settlement. Later, the trial court certified the class when it approved the settlement. Michael Northrup and Homer Max Wiesen, appellants, contend they are class members who did not opt out of the class, but rather, filed objections to the settlement prior to its approval by the trial court.

■ We first address Mr. Wiesen's claims. Southwestern Bell and the class representatives dispute that he is a class member as the class is defined. We agree. Although given the opportunity to support his contention that he is a member of the class by our opinion dated June 14, 2001, Mr. Wiesen has failed to show that he is a member of the class.[1] He has failed to offer any explanation to support his bare

1. See Northrup v. Southwestern Bell Telephone Co., 72 S.W.3d 1, 15 n. 22 (Tex.App.-Corpus Christi 2001, no pet.). That opinion was limited to the question of whether Northrup and Wiesen lacked standing to proceed as appellants because they failed to file formal interventions in the class action prior to the trial court's approval of the settlement. Id. at 14–15. We held that their failure to file formal interventions did not preclude their ability to appeal. Id.

We note, though, that one of the critical rationales for our holding that Wiesen and Northrup have standing to appeal the class settlement without having formally intervened was the fact that, as the law existed at the time we handed down our opinion, putative class members in settlement class cases had no ability to appeal the certification except after final judgment. Id. at 10–15 (citing McAllen Medical Center, Inc. v. Cortez, 17 S.W.3d 305, 310 (Tex.App.-Corpus Christi 2000)) reversed by 44 Tex. Sup.Ct. J. 1094, 2001 WL 987350, at *5 (Aug. 30, 2001). Recently, the Texas Supreme Court spoke to this issue and held that class members in settlement class cases may appeal the preliminary certification of the class. See Cortez, 44 Tex. Sup.Ct. J. 1094, 66 S.W.3d at 234.

contention. Accordingly, we hold that he is not a class member according to the definition of this class, and is therefore without standing to prosecute this appeal.

■ We now address Mr. Northrup's appellate issues. First, Mr. Northrup contends, by several issues, that the notice was defective. Two rules govern this issue. Rule 42(c)(2) states:

> After the court has determined that a class action may be maintained it shall order the party claiming the class action to direct to the members of the class the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort.

*See* TEX.R. CIV. P. 42(c)(2). Rule 42(c)(3), (e) states, "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." TEX.R. CIV. P. 42(c)(3), (e).

Northrup presented his objections, in writing, to the trial court, as he was required to do in order to preserve the issue for review. *See* TEX.R.APP. P. 33.1 (requiring specific, timely objections made to the trial court as a prerequisite to review by the appellate court). While his arguments on appeal related to notice are phrased somewhat differently than his objections at trial, in both, he challenges two basic components of the notice: its form and its content. By form, we refer to the method by which notice was provided to the class members.

The trial court approved the form of the notices in its order granting preliminary approval of the class action settlement. The order stated that the defendant "shall send and publish the notices substantially in the form required by the Settlement Agreement." Further, the court found that the mailing and publishing of the notices in that manner "meets the requirements of Rule 42 of the Texas Rules of Civil Procedure and due process and constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons or entities entitled thereto."

Notice was sent to the class as outlined in the settlement agreement. Two different forms were provided to the class members: direct mail and publication in several Texas newspapers on both January 27 and January 30, 2000.[2] The direct mail notice was sent to current SWBT customers as an insert in their regular monthly telephone bills beginning on January 21, 2000, and continuing through February 19, 2000. Both forms of notice had been pre-approved by the court.

We do not find this form to be defective. The trial court found that it was the "best notice practicable" for advising the unnamed class members of the pendency of the class action. We see no abuse of discretion in that finding, nor do we believe that the form of notice violates principles of due process. Although there is no Texas case considering this method, the procedure of providing class members with notice by an insert in their regular monthly bill or regular correspondence has been used and accepted by courts across the country. *See, e.g., Mountain States Tel. & Tel. Co. v. District Court,* 778 P.2d 667, 674 (Colo.1989) (affirming a trial court's order requiring the phone company to put

---

**2.** Notice was published in the Dallas Morning News, the Houston Chronicle, the Austin American–Statesman, the Lubbock Avalanche Journal, the El Paso Times, the Corpus Christi Caller Times, the Brownsville Herald, and the San Antonio Express News, one time per week for two consecutive weeks.

inserts providing notice of a class action into its phone bills); *County of Suffolk v. Long Island Lighting Co.,* 710 F.Supp. 1477, 1484 (E.D.N.Y.1989) (allowing notice to be sent to customers in monthly bill); *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434, 456 (3d Cir.1977), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978) (holding that notice sent out to current customers in regular monthly correspondence was fair, efficient, and fulfilled the purposes of the federal rule, however, holding that "former" customers must also receive individual notice if they were to be included in the class).[3]

Moreover, Northrup has done no more than assert that the notice provided in this case was not the best notice practicable. He has pointed to no evidence in the record that supports this contention. He does not dispute that he, personally, received actual notice. He did not appear at the hearing on the final settlement to complain about the form of notice. Without some evidence in the record to support his objections regarding the form of the notice, we cannot say the trial court abused its discretion in finding that mailing notice to all existing customers in combination with providing publication notice was not "the best notice practicable under the circumstances." We overrule Northrup's issue complaining the form of notice was insufficient. *See also Peters v. Blockbuster, Inc.,* 65 S.W.3d 295 (Tex.App.-Beaumont Dec. 4, 2001, no pet. h.) (analyzing the issue of whether a class action notice was sufficient, ultimately deciding that it was).

■ Northrup's complaints regarding the contents of the notice are similarly unsubstantiated. Both parties provided this Court with the actual notice that was provided to SWBT's customers and the notice that was published in the newspapers. We hold that it complies with Rule 42. It clearly advises each member of the class the nature of the suit; that the court will exclude any member from the class if so requested by a specified date; that the judgment, whether favorable or not, will include and bind all members who do not request exclusion by the specified date; and that any member who does not request exclusion may if he desires, enter an appearance through counsel. *See* Tex.R. Civ. P. 42(c)(2). That is all that is required. We overrule Northrup's issues related to the content of the notice.

■ Finally, Northrup has also challenged the notice's description of how attorneys' fees would be calculated. The Texas Supreme Court has held that "class action settlement notices must contain the maximum amount of attorney's fees sought by class counsel and specify the proposed method of calculating the award." *General Motors Corp. v. Bloyed,* 916 S.W.2d 949, 957 (Tex.1996). The notice in this case stated:

> Class Counsel intends to petition the Court for an award of fees and expenses of twenty percent (20%) of the total benefit provided to the Class. This amount equals two million dollars. In no event shall the award of fees and expenses be greater than this number. The Court will make the final determination with respect to attorney's fees and may award less than this request, but in no event shall the award of fees be greater than this number. SWBT has agreed that it will not oppose the fee request. Class Counsel will be filing prior to the Settlement Hearing a de-

---

**3.** Federal decisions and authorities interpreting current federal class action requirements are persuasive authority in Texas. *Southwest-* *ern Refining Co., Inc. v. Bernal,* 22 S.W.3d 425, 433 (Tex.2000).

tailed legal briefing supporting its fee request.

We hold that this language satisfies *Bloyed.*

The notice at issue in *Bloyed* did not state any amount of attorneys' fees, but only stated that fees would be paid solely by the defendant and "would not reduce, directly or indirectly, any of the ... benefits to class members." *Id.* at 957. The Court held this to be insufficient, reasoning that:

'[a]ttorneys' fees, even though they may not be technically deducted from the amount paid to the litigants, represent an integral part of the overall amount that the settling party is willing to pay, and as such, they have a direct effect on the net amount that will ultimately be paid to the litigants.'

*Id.* at 958 (citing to the *Bloyed* court of appeals' decision).

The notice in this case advised the class members of the maximum amount of attorneys' fees and advised them of how that number was calculated. We hold that it sufficiently complies with *Bloyed*'s requirements. *Id.* at 957–58. Accordingly, we overrule all Northrup's issues related to the sufficiency of the notice. The trial court did not abuse its discretion in applying Rule 42, nor did the notice at issue—either with regard to its form or its content—run afoul of due process dictates.

 We now turn to Northrup's issues related to the fairness of the settlement. Rule 42(e) charges the trial court with the responsibility of determining that a settlement is fair, adequate, and reasonable. *Id.* at 955. "Approval of a class action settlement is within the sound discretion of the trial court and should not be reversed absent an abuse of that discretion." *Id.* In making this determination,

the court should consider the following factors:

(1) whether the settlement was negotiated at arms' length or was a product of fraud or collusion;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings, including the status of discovery;

(4) the factual and legal obstacles that could prevent the plaintiffs from prevailing on the merits;

(5) the possible range of recovery and the certainty of damages;

(6) the respective opinions of the participants, including class counsel, class representatives, and the absent class members.

*Id.* The trial court must examine both procedural and substantive aspects of the settlement, including whether the terms of the settlement are fair, adequate and reasonable, and whether the settlement was the product of honest negotiations. *Id.*

The record from the fairness hearing conducted in this case indicates that the trial court based its approval of the settlement on consideration of the appropriate factors. Evidence was introduced showing that because of the way SWBT's records were kept, determining the exact amount of damages for each individual plaintiff would be time-consuming and excessively difficult. Moreover, the amount that would likely be owed to each plaintiff would have been very small—*i.e.*, around one dollar. Dean Sherman, from Tulane University School of Law, appeared at the hearing and offered his expert opinion testimony that the settlement was fair. Dean Sherman also offered testimony that the named representatives were adequate representatives of the class and that counsel was competent to perform its function. He testified that the requirements of commonality, typicality and inadequacy of oth-

er remedies besides class action were present in this case, supporting the trial court's certification decision. *See* Tex.R. Civ. P. 42(a), 42(b)(4). Dean Sherman also testified that the case contained issues of substantive law that would create significant hurdles for the class to overcome, therefore making settlement a more attractive option for the class.

Finally, Dean Sherman testified that the *cy pres* settlement used in this case was an appropriate method for disbursing settlement proceeds. The *cy pres* doctrine has been used to disburse proceeds of a class action lawsuit when the amounts owing to each individual plaintiff are exceedingly small and/or identification of the amount due each individual would be excessively difficult. *See generally* Susan Beth Farmer, *More Lessons Learned from the Laboratories: Cy Pres Distributions in Parens Patriae Antitrust Actions Brought by State Attorneys General*, 68 Ford. L.Rev. 361, 393 (1999). It allows a trial court to fashion an equitable remedy to distribute settlement funds in a class action when the costs of distribution outweigh the individual share to which each class member is entitled. *Id.* Distributing litigation proceeds through *cy pres* satisfies class action goals by deterring similar conduct and disgorging the defendant of profits wrongfully obtained, and using those funds in a way that at least indirectly benefits the class members. *Id.* at 394. While we have not located a Texas case addressing the efficacy of *cy pres* distribution of a class action settlement, these types of settlement arrangement have been found to be fair by other courts around the country. *See, e.g., In re Motorsports Merch. Antitrust Lit.*, 160

F.Supp.2d 1392, 1394 (N.D.Ga.2001) (distributing unclaimed remainder funds to charitable purposes according to *cy pres* doctrine); *Jones v. National Distillers*, 56 F.Supp.2d 355, 358 (S.D.N.Y.1999) (authorizing that unclaimed funds in securities litigation case be paid to legal aid charity); *New York v. Reebok Int'l Ltd.*, 903 F.Supp. 532, 536–37 (S.D.N.Y.1995) (holding settlement fair that distributed to charitable purposes eight million dollar recovery for overcharging of athletic shoes, where each individual claims ranged from $1–$4 and cost of administering individual recovery would be around $2.50 per claimant); *Superior Beverage Co. v. Owens–Illinois, Inc.*, 827 F.Supp. 477, 478–79 (N.D.Ill. 1993) (settlement in anti-trust case distributed unclaimed remainder funds according to *cy pres* doctrine to several different charities); *Pray v. Lockheed Aircraft Corp.*, 644 F.Supp. 1289, 1303 (D.D.C.1986) (allowing punitive damage portion of settlement fund case be given to charitable cause in case involving recovery for claims stemming from 1975 airplane crash in Saigon). Because there is no authority disallowing such settlements, we cannot say the trial court abused its discretion in holding that the *cy pres* distribution was fair. We overrule Northrup's points related to the fairness of the settlement.

Accordingly, having overruled each of Northrup's issues, we affirm the trial court's order approving the class action settlement.[4]

---

4. We note that although Northrup has raised issues related to the trial court's certification of the class in his briefing, he did not make any objection regarding the certification to the trial court prior to making such arguments to this Court. Accordingly, he has waived appellate review of issues regarding certification. *See* Tex.R.App. P. 33.1.