NUMBERS 13-04-567-CV AND 13-06-032-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


CHEMJECT INTERNATIONAL, INC., Appellant,


v.
 


SOUTHWESTERN BELL TELEPHONE 

COMPANY, ET AL., Appellees.

 


On appeal from the 357th District Court 


of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Rodriguez



 This case involves the settlement of a class action lawsuit brought against
appellee Southwestern Bell Telephone Company (SWBT). In appellate cause number
13-04-567-CV, by six issues, appellant Chemject International, Inc. (Chemject), an
unnamed class member, appeals from the trial court's granting of SWBT's plea to the
jurisdiction and motion to strike Chemject's motion to intervene and from the trial
court's order granting a joint motion to establish a settlement administration. In
appellate cause number 13-06-032-CV, by nine issues, Chemject appeals from the trial
court's granting summary judgments in favor of SWBT and Class Counsel and denying
Chemject's motion for new trial in a bill of review proceeding. (1) We dismiss cause
number 13-04-567-CV and affirm the trial court's judgment in cause number 13-06-032-CV.

I. Background


A. General Background


 The underlying suit (Mireles lawsuit) is a class action lawsuit filed on July 31,
1998, by class representatives, appellees Jose Mireles and Patricia Genuchi (the
Class), against appellant SWBT for damages arising out of "municipal charges" paid
by approximately five million SWBT residential and business customers in Texas. (2) In
December 1999 a cy pres settlement (Mireles Settlement) was reached. (3) The trial
court tentatively approved the settlement and approved the form and content of notice
sent to class members advising them about the settlement, their right to opt out, or
object and to appear at a fairness hearing. After receiving this notice, Chemject chose
not to opt out of the class, not to object to the settlement, and not to appear at the
fairness hearing. On May 22, 2000, after class certification and settlement fairness
hearings on April 27 and May 4, 2000, the trial court certified the Class for settlement
purposes and approved the settlement. (4)

 R. Michael Northrup and Homer Max Wiesen, unnamed class members,
challenged the propriety of the settlement by objecting to the settlement in the trial
court and by appealing the judgment. (5) From these appeals this Court handed down
two opinions, one on June 14, 2001, and the second on February 21, 2002. In
Northrup v. Southwestern Bell Tel. Co. (Northrup I), 72 S.W.3d 1 (Tex. App.-Corpus
Christi 2001, no pet.) (op. on reh'g), we held "that in class action cases where the
'settlement class' device is used-i.e., where the class is certified simultaneously with
or subsequent to the settlement of the class action-pre-settlement intervention is not
required in order for an unnamed class member to have standing to appeal." Id. at 4-5. In Northrup v. Southwestern Bell Tel. Co. (Northrup II), 72 S.W.3d 16 (Tex.
App.-Corpus Christi 2002, pet. denied, in part, and dismissed, in part, as
improvidently granted), this Court did not find the form of notice, by newspaper
publication and by direct mail to SWBT customers as an insert in regular monthly
telephone bills, to be defective. Id. at 19. Furthermore, we concluded that the trial
court did not abuse its discretion in holding the cy pres distribution was fair, id. at 20,
and affirmed the trial court's order approving the class action settlement. Id. at 22. 
The Texas Supreme Court issued its final order on February 6, 2004, and this Court's
mandate issued on February 25, 2004.

B. Background Specific to


Settlement Administration and Intervention Issues in


Appellate Cause Number 13-04-567-CV



 On March 24, 2003, after this Court's opinions were handed down in 2001 and
2002 but before its mandate issued in 2004, Chemject filed a petition in intervention
and a motion to set aside the settlement agreement. It sought to have the settlement
agreement and judgment declared void based on information discovered and events
occurring during the appeal. On April 8, 2003, SWBT filed its plea to the jurisdiction
and motion to strike Chemject's pleadings arguing that the trial court lacked jurisdiction
to grant the relief requested.

 On June 15, 2004, with the appellate process being complete, SWBT and the
Class filed a joint motion to establish a settlement administration in accordance with
the settlement agreement, an act they claimed was a ministerial act. On June 17,
2004, the trial court signed an order granting the joint motion. On July 19, 2004,
Chemject filed an emergency motion to reconsider and vacate the June 17 order
asserting that because the terms of the agreement, as well as circumstances and
events occurring since the judgment was signed on May 4, 2000, the trial court's
signing of the order was more than merely a ministerial act. On September 17, 2004,
SWBT filed a motion for an order clarifying the June 17 order. On September 23,
2004, the trial court signed an order granting SWBT's plea to the jurisdiction and
motion to strike and striking Chemject's petition in intervention, and on September 24,
2004, the trial court entered an order clarifying its order establishing settlement
administration.

 On October 22, 2004, Chemject appealed from the following orders: (1) the
June 17 and September 23, 2004 orders establishing a settlement administration; and
(2) the September 23, 2004 order granting SWBT's plea to the jurisdiction and motion
to strike Chemject's petition in intervention.

C. Background Specific to Bill of Review in


Appellate Cause Number 13-06-032-CV



 On May 3, 2004, before the trial court ruled on its petition in intervention,
Chemject filed a petition for bill of review as a class action on behalf of approximately
5 million SWBT customers, challenging the Mireles settlement. Seeking to have the
judgment declared void, Chemject alleged in its bill of review that false representations
were made to the trial court and in the class action settlement notices which
prevented Chemject and the Class from pursuing meritorious claims against SWBT. (6) 
In October 2004, Class Counsel and SWBT filed motions for summary judgment on
Chemject's bill of review, arguing, among other things, that Chemject failed to adduce
sufficient evidence to prove the elements for a bill of review, including extrinsic fraud. 
On November 29, 2004, the trial court denied with prejudice Chemject's bill of review
and granted summary judgment for SWBT. The trial court denied with prejudice
Chemject's petition for a bill of review and granted summary judgment for Class
Counsel on March 21, 2005, declaring that "this summary judgment is a final
judgment, and concludes this case." On May 19, 2005, the trial court entered an
order denying Chemject's motion for a new trial that it had filed on April 19, 2005,
and striking the exhibit attached to Chemject's motion. (7) Chemject appealed from the
orders denying its bill of review and granting summary judgments and from the order
striking the exhibit to the motion for new trial. (8)

II. Chemject's Petition in Intervention


Appellate Cause Number 13-04-567-CV



 By six issues, Chemject generally asserts that the trial court had the duty,
authority, and jurisdiction to act in this matter, that the settlement agreement and
judgment are void, and that the order establishing administration substituted the
recipient of proceeds under a class action settlement and was, therefore, not a
ministerial act but an impermissible modification of the judgment.

A. Plenary Jurisdiction


 By its first and third issues, Chemject asserts that the trial court had the duty,
authority, and jurisdiction to rule on the merits of its petition in intervention and its
motion to have the class action settlement and agreed judgment declared void because
of changed circumstances. We disagree.

 As a general proposition, "[a] non-party may . . . successfully intervene post-judgment provided that both the plea is filed and the judgment is set aside within thirty
days from judgment." Malone v. Hampton, 182 S.W.3d 465, 468 (Tex. App.-Dallas
2006, no pet.) (citing In re Barrett, 149 S.W.3d 275, 279 (Tex. App.-Tyler 2004,
orig. proceeding). "Furthermore, a plea in intervention comes too late if filed after
judgment and may not be considered unless and until the judgment has been set
aside." Texans United Educ. Fund v. Texaco, Inc., 858 S.W.2d 38, 40-41 (Tex.
App.-Houston [14th Dist.] 1993, writ denied); see First Alief Bank v. White, 682
S.W.2d 251, 252 (Tex. 1984) (per curiam) (orig. proceeding) (citing Comal County
Rural High School Dist. No. 705 v. Nelson, 158 Tex. 546, 314 S.W.2d 956 (1958)). 
 More importantly, however, 

 [a]ny document, other than a motion to enforce or clarify, filed after the
expiration of the trial court's plenary jurisdiction, would be a nullity as a
suit ends when the trial court's plenary power over the proceeding ends. 
The very purpose of limiting a trial court's plenary power over a
proceeding is to foreclose the possibility of suit continuing indefinitely
even through a final judgment has been obtained.


Malone, 182 S.W.3d at 470. Likewise, "[j]udicial action taken after the expiration of
the court's jurisdiction is a nullity, and any orders signed outside the court's plenary
jurisdiction are void." Id. at 468 (citing State ex rel. Latty v. Owens, 907 S.W.2d
484, 485-86 (Tex. 1996)); see In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998) (per
curiam) (orig. proceeding).

 The trial court's May 2000 order and judgment approving the settlement was
the final judgment in this case. Chemject's plea in intervention was filed on March 24,
2003, well after the thirty day extension of plenary power that is allowed under rule
329b. See Tex. R. Civ. P. 329b(c), (d) & (e) (providing trial court's plenary power is
thirty days or up to 105 days with appropriately filed motions). Even had the trial
court's plenary power been extended to 105 days, it would have expired in early
September 2000. Chemject's filings after the trial court's plenary power expired had
no legal effect and were a nullity. See In re Dickason, 987 S.W.2d at 571; Malone,
182 S.W.3d at 468. The trial court, therefore, had no duty, no authority, and no
jurisdiction to rule on Chemject's plea in intervention and its motion to void the
settlement agreement and the agreed judgment. Additionally, any orders signed
outside the trail court's plenary jurisdiction were void. See In re Dickason, 987
S.W.2d at 571; Malone, 182 S.W.3d at 468.

B. Appeal Without Intervention


 Chemject also appears to be arguing that, as an unnamed class member, it did
not need to intervene in order to appeal. In Northrup I, we held that in class action
cases where the class is certified simultaneously with or subsequent to the settlement
of the class action, pre-settlement intervention is not required in order for an unnamed
class member to have standing to appeal. Northrup I, 72 S.W.3d at 4-5, 14. 
However, even assuming without determining that Chemject could have appealed
without intervening below, this argument fails. (9)

 Texas Rule of Appellate Procedure 26.1(a)(2) provides that the notice of appeal
must be filed within thirty days after the judgment is signed, except, among other
things, it must be filed within ninety days after the judgment is signed if a motion to
modify is timely filed. Tex. R. App. P. 26.1(a)(2); see id. at rule 26.1(d) (setting out
that if any party timely files a notice of appeal, another party may file a notice within
an applicable period stated above or fourteen days after the first filed notice of appeal,
whichever is later). The final judgment approving the settlement was entered on May
4, 2000, with a nunc pro tunc order entered on May 22, 2000. Chemject did not
participate in the Northrup appeals. Its appeal from the final judgment was not timely. 
We overrule Chemject's first and third issues.

C. Due Process


 In its second issue, Chemject generally contends, without supporting authority,
that the striking of its petition in intervention would constitute a due process violation. 
See Tex. R. App. P. 38.1(h) (setting out that contentions are to be supported by clear
and concise arguments with appropriate citations to authorities and to the record). 
However, Chemject filed a separate bill of review proceeding. We address the appeal
of that proceeding below. Chemject has not explained why the bill of review does not
satisfy its due process needs. Thus, this argument is not persuasive, and we overrule
Chemject's second issue.

 Because of the disposition of the first three issues, we need not address
Chemject's remaining issues in this appeal, cause number 13-04-567-CV. See Tex.
R. App. P. 47.1.

III. Bill of Review Proceeding
 

Appellate Cause Number 13-06-032-CV



 Having concluded that the trial court's plenary power had expired, Chemject's
challenges to the settlement agreement could only be raised in a bill of review. See
Coleman v. Sitel Corp., 21 S.W.3d 411, 413 (Tex. App.-San Antonio 2000, no pet.)
(citing Tex. R. Civ. P. 329b(f); Plains Growers, Inc. v. Jordan, 519 S.W.2d 633,
636-37 (Tex.1974); Ex parte Balazik, 631 S.W.2d 198, 199 (Tex. App.-Fort Worth
1982, orig. proceeding)). In Chemject's bill of review proceeding, summary judgments
were granted in favor of SWBT and Class Counsel, and this appeal, cause number 13-06-0032-CV, ensued.

 By nine issues, Chemject contends the trial court erred in granting summary
judgment because (1) SWBT and Class Counsel failed to show that no genuine issue
of material fact exists and that they were entitled to judgment as a matter of law, (2)
Chemject brought forth more than a scintilla of probative evidence to raise a genuine
issue of material fact as to the challenged element of the claims, (3) due process and
equal protection rights were violated, and (4) the trial court abused its discretion when
it denied Chemject's motion for new trial without an evidentiary hearing and struck
Wiesen's deposition testimony and attached documents.

A. Standard of Review


 When a trial court's order granting summary judgment does not state the
grounds upon which it was granted, the judgment must be affirmed if any of the
grounds advanced in the summary judgment motion are meritorious. (10) Branton v.
Wood, 100 S.W.3d 645, 647 (Tex. App.-Corpus Christi 2003, no pet.) (citing Carr
v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989)); Boren v. Bullen, 972 S.W.2d 863,
865 (Tex. App.-Corpus Christi 1998, no pet.). Because the propriety of a summary
judgment is a question of law, we review the granting of a traditional motion for
summary judgment de novo. Branton, 100 S.W.3d at 646 (citing Natividad v. Alexsis,
Inc., 875 S.W.2d 695, 699 (Tex. 1994)); Tex. Commerce Bank Rio Grande Valley v.
Correa, 28 S.W.3d 723, 726 (Tex. App.-Corpus Christi 2000, pet. denied)). To
prevail on a traditional motion for summary judgment, the moving party has the burden
of showing that there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d
339, 341 (Tex. 1995) (per curiam). Only when the movant meets this burden does
the burden shift to the nonmovant to raise a genuine issue of material fact. See M.D.
Anderson Hosp. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). In
determining whether there is a genuine issue of material fact, evidence favorable to the
nonmovant is taken as true, and all reasonable inferences and doubts are resolved in
favor of the nonmovant. Branton, 100 S.W.3d at 646. A traditional summary
judgment is proper if the movant conclusively disproves at least one element of each
of the plaintiff's causes of action or conclusively establishes each element of an
affirmative defense to each of the plaintiff's claims. Velsicol Chem. Corp. v.
Winograd, 956 S.W.2d 529, 530 (Tex. 1997) (per curiam); Cathey, 900 S.W.2d at
341. The non-movant has no burden to respond to a traditional motion for summary
judgment unless the movant conclusively establishes its cause of action or defense. 
Willrich, 28 S.W.3d at 23.

B. Extrinsic Fraud


 In its first two issues, Chemject contends that extrinsic fraud existed to support
its bill of review. We disagree.

1. The Law


 To prevail on a bill of review, Chemject must "allege and prove: (1) a
meritorious defense to the cause of action alleged to support the judgment, (2) which
[it] was prevented from making by the fraud, accident or wrongful act of the opposing
party, (3) unmixed with any fault or negligence of [its] own." Baker v. Goldsmith, 582
S.W.2d 404, 405-07 (Tex. 1979); Mowbray v. Avery, 76 S.W.3d 663, 682 (Tex.
App.-Corpus Christi 2003, pet. denied). In addition to the foregoing requirements,
"[o]nly extrinsic fraud will support a bill of review." King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 752 (Tex. 2003); see Tice v. City of Pasadena, 767 S.W.2d 700, 702
(Tex. 1989).

 Extrinsic fraud "is fraud that denied a party the opportunity to fully litigate at
trial all the rights or defenses that could have been asserted." King Ranch, 118
S.W.3d at 752. "Extrinsic fraud is collateral fraud in the sense that it must be
'collateral' to the matter actually tried and not something which was actually or
potentially in issue in the trial." Temple v. Atchambo, 161 S.W.3d 217, 224 (Tex.
App.-Corpus Christi 2005, no pet.) (citing Montgomery v. Kennedy, 669 S.W.2d 309,
312 (Tex. 1984)); see Manley v. Parsons, 112 S.W.3d 335, 337-38 (Tex.
App.-Corpus Christi 2003, pet. denied).

 Intrinsic fraud, on the other hand, is any fraud relating to "the merits of the
issues that were presented and presumably were or should have been settled in the
former action." King Ranch, 118 S.W.3d at 752 ("Issues underlying the judgment
attacked by a bill of review are intrinsic and thus have no probative value on the fraud
necessary to [support] a bill of review."). Intrinsic fraud is "inherent in the matter
considered and determined before the trial court where the fraudulent acts pertain to
an issue involved in the original action, or where the acts constituting the fraud were,
or could have been litigated therein." Temple, 161 S.W.3d at 224 (quoting
Montgomery, 669 S.W.2d at 313). Intrinsic fraud encompasses concealed testimony,
perjured testimony, fraudulent instruments, "or any other matter which was actually
presented to and considered by the trial court in rendering the judgment assailed." 
King Ranch, 118 S.W.3d at 752 (providing that the underlying issues resolved by a
judgment are considered intrinsic); Tice, 767 S.W.2d at 702; McIntyre v. Wilson, 50
S.W.3d 674, 680 (Tex. App.-Dallas 2001, pet. denied) (setting out that concealing
evidence and presenting false evidence constitute intrinsic fraud).

2. Notice


 Chemject first argues that there is evidence of extrinsic fraud because SWBT
and Class Counsel allegedly made intentional, material and affirmative
misrepresentations in the settlement notice sent to Chemject and the Class. Chemject
specifically complains of the following alleged misrepresentations in the notice:

 SWBT does not keep any of the municipal fees it collects - all of the
money goes to the municipalities;


 Class Counsel has conducted sufficient discovery so as to investigate the
facts and applicable law regarding the matters in the Lawsuit;


 More importantly, discovery in the Lawsuit revealed that it would be
extraordinarily difficult, if not impossible, to identify the specific amounts
that individual Settlement Class members might recover even if the
Lawsuit were successful;


 In addition, Class Counsel has determined that the amounts that might
be recovered in individual Settlement Class members would be quickly
consumed by the overall notice and administration costs necessary to
facilitate settlement, because the Settlement Class is exceptionally large
(it is estimated at more than five million members), and because the
amount of possible recovery varies greatly but generally is not a large
sum of money; and


 Discovery determined that SWBT cannot independently identify which
Class Members suffered what damages. The administrative costs
associated with trying to identify and then confirm individual recoveries
on a case-by-case basis would exhaust any recovery.


(Emphasis in original.) Chemject further asserts that because these allegedly false
statements were contained in a notice approved and agreed to by SWBT, sent by
SWBT to class members in their regular SWBT phone bill, and are only confirmable
from the records in the sole possession SWBT, SWBT is guilty of extrinsic fraud
perpetrated on each member of the class. Chemject also argues that because SWBT,
the Mireles plaintiffs, and their respective counsel made these false statements to the
district court by including them in the notice approved by the court and affirmed the
statements at oral hearings and in pleadings, these false statements are a fraud on the
court.

 We note that the trial court and this Court approved the notice about which
Chemject now complains. Following a fairness hearing the trial court approved the
notice. (11) Thus, the notice matter was presented to and considered by the trial court
in rendering the judgment assailed. See King Ranch, 118 S.W.3d at 752. 
Additionally, Northrup challenged settlement issues on appeal, including issues related
to the adequacy of the notice to the class members, the calculation of attorney fees,
the fairness of the settlement, the designation of cy pres beneficiaries, and the
adequacy of representation. See Northrup II, 72 S.W.3d at 19-21. And this Court
approved the class notice in Northrup II. See id. The fraud now alleged by Chemject
relates to the merits of the issues presented; the same notice issues presumably
settled in the former action. See King Ranch, 118 S.W.3d at 752. We conclude,
therefore, that the alleged misrepresentations in the notice asserted by Chemject are
intrinsic in nature. They have no probative value on the fraud necessary to support a
bill of review. Id.

3. Alleged Fraudulent Representations by Class Counsel


 Chemject also contends that Class Counsel made various misrepresentations to
the members of the Class about the discovery conducted during the Mireles suit, the
nature and history of the case, and the benefits of the Mireles Settlement. However,
even if these allegations were true, they cannot support a bill of review as a matter of
law. The purported fraud must be undertaken by the opposing party, and Chemject,
by this argument, is not complaining of actions of the opposing party. Rather it is
complaining of actions of counsel for the class of which Chemject is an unnamed
member. See Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 1001 (Tex.
1950) (defining extrinsic fraud as "[a] wrongful act committed by the other party to
the suit which . . . prevented the losing party either from knowing about his rights or
defenses, or from having a fair opportunity of presenting them upon the trial")
(emphasis added)). Alleged fraud by a party's own attorney is not sufficient to support
a bill of review. King Ranch, 118 S.W.3d at 745; Transworld Fin. Servs. v. Briscoe,
722 S.W.2d 407, 408 (Tex. 1987) (explaining that extrinsic fraud is a wrongful act
committed by "the other party to the suit" and holding that "a bill of review petitioner
who alleges that he suffered an adverse judgment because of the fraudulent or
wrongful acts of his attorney is not excused from the necessity of pleading and
proving extrinsic fraud on the part of his opponent"); Gracey v. West, 422 S.W.2d
913, 916 (Tex. 1968). Similarly, negligence, lack of diligence by Class Counsel, or
allegations related to Class Counsel's valuation of the claims prior to settlement are
insufficient as a matter of law to support a bill of review. See, e.g., Borgerding v.
Griffin, 716 S.W.2d 694, 699 (Tex. App.-Corpus Christi 1986, no writ) (improper
valuation of marital assets would not support a bill of review).

4. Alleged Fraudulent Representations by SWBT Counsel

 Chemject also alleges that SWBT's counsel "knew that SWBT's database
containing customer records goes back years, because SWBT's lead counsel had been
involved in prior class actions when SWBT's secret databases were discovered"; that
SWBT's attorneys presented witnesses "such as Ms. Lotridge and Mr. Torres, when
they knew that their testimony was false or materially incomplete"; and that SWBT's
attorneys "withheld critical documents." However, in Northrup II we held the
following:

 The record from the fairness hearing conducted in this case indicates that
the trial court based its approval of the settlement on consideration of the
appropriate factors. . . . [E]vidence was introduced showing that because
of the way SWBT's records were kept, determining the exact amount of
damages for each individual plaintiff would be time-consuming and
excessively difficult. Moreover, the amount that would likely be owed to
each plaintiff would have been very small-i.e., around one dollar. Dean
Sherman, from Tulane University School of Law, appeared at the hearing
and offered his expert opinion testimony that the settlement was fair.


Northrup II, 72. S.W.3d at 21. The issues regarding SWBT's counsel that Chemject
now wants to re-open and re-litigate go to the merits of the settlement's fairness. 
Thus, Chemject's allegations constitute intrinsic fraud. Fraud that is "inherent in the
matter considered and determined before the trial court where the fraudulent acts
pertain to an issue involved in the original action, or where the acts constituting the
fraud were, or could have been litigated therein." Temple, 161 S.W.3d at 224
(internal quotations omitted).

 Issues one and two are overruled. Therefore, reviewing the granting of the
rulings on the motions for summary judgment de novo, see Branton, 100 S.W.3d at
646, we conclude that SWBT and Class Counsel have established that there is no
genuine issue of material fact regarding the element of extrinsic fraud and that they
are entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Cathey, 900
S.W.2d at 341.

C. Motion for New Trial


 By three issues, Chemject challenges the trial court's denial of its motion for
new trial. Chemject first contends, in its ninth issue, that the trial court erred in
striking Wiesen's deposition with exhibits that was attached to its motion for new trial.

 On March 21, 2005, final judgment was entered in this bill of review
proceeding. On April 4, 2005, pursuant to rule 202.1, the 362nd District Court of
Denton Count, Texas, granted Chemject's petition for Wiesen's deposition before suit. 
See Tex. R. Civ. P. 202.1 (providing that a person may petition the court for an order
authorizing the taking of a deposition to perpetuate testimony for use in an anticipated
suit or to investigate a potential claim or suit). Neither SWBT nor Class Counsel
received service of the petition or notice of the hearing on the petition. Wiesen's
deposition by written questions was taken with notice only to Wiesen. Chemject
informed the trial court that, pursuant to rule 202, it had sought the evidence
"anticipating the possibility of a claim against the [class] plaintiff's counsel." On
appeal, Chemject asserts that it only sought Wiesen's deposition to investigate a claim
or suit, not in anticipation of a suit; thus, no notice to interested parties was required
as SWBT urged. See id. at rule 202.3(a). (12) Chemject, however, offered the evidence
obtained from Wiesen's deposition, not as part of an investigation or even in
anticipation of a new lawsuit, but in support of its motion for new trial filed on April
22, 2005, in the existing lawsuit.

 Wiesen's deposition was taken after final judgment had been entered and
without notice to other parties in the lawsuit. It was then attached as evidence in
support of Chemject's motion for new trial. Rule 202, which allows for depositions
in certain instances with notice only to the deponent, is not applicable in this case. 
See id. at rule 202.1(b) & 202.3(a); see also id. cmt. 2 ("The bill of discovery
procedure, which Rule 202 incorporates, is equitable in nature, and a court must not
permit it to be used inequitably."). The trial court did not abuse its discretion, see City
of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995) (providing that the
admission and exclusion of evidence is committed to the trial court's sound discretion),
but rather properly struck Wiesen's deposition by written questions with exhibits
because the alleged new evidence resulted from the rule 202 deposition. Issue nine
is overruled.

 Having concluded that the trial court properly excluded Wiesen's deposition with
exhibits, there was no newly-discovered evidence to support Chemject's motion for
new trial. Thus, the trial court did not abuse its discretion in denying the motion. See
Dir., State Employees Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex.
1994) ("In reviewing a trial court's ruling on a motion for new trial, the standard is
abuse of discretion."). Issues seven and eight which address the trial court's denial
of Chemject's motion for new trial based on newly-discovered evidence and its refusal
to hold an evidentiary hearing are also overruled.

D. Due Process and Equal Protection


 Finally, in its sixth issue Chemject brings the following due process and equal
protection challenges:

 Are [Chemject's] and the Mireles class member's constitutional due
process and equal protection rights violated, if under Texas law:

 

 (1) the false statements in the settlement notice, or false statements
made to the court, are not considered extrinsic fraud for purposes of
maintaining a bill of review action;

 

 (2) Appellant's Amicus Curiae filings with the Texas Supreme Court are
a res judicata bar to Appellant's bill of review claims; and/or

 

 (3) a petition for bill of review cannot be maintained as a class action as
a matter of law?


(Emphasis in original.) Chemject argues that if it "is not allowed to pursue its petition
for bill of review, despite the substantial evidence it has presented, [Chemject] and the
class will be left without a legal remedy for the loss of their legal rights that were
fraudulently compromised and released in Mireles," and "[s]ince the Notice did not
afford the class the opportunity to present their objections, or opt out, it failed to
comply with due process." Chemject also asserts that "[i]n Mireles, there is no
legitimate state interest in denying [Chemject] the ability to pursue its petition for bill
of review, individually or as a class action, and [Chemject] and the class would be
denied equal protection should that occur."

 Chemject, however, has raised these constitutional issues for the first time on
appeal; therefore, they are waived. City of San Antonio v. Schautteet, 706 S.W.2d
103, 104 (Tex. 1986) (per curiam) ("Even constitutional challenges not expressly
presented to the trial court by written motion, answer or other response to a motion
for summary judgment will not be considered on appeal as grounds for reversal.");
Birdo v. Ament, 814 S.W.2d 808, 811 (Tex. App.-Waco 1991, writ denied)
(concluding that even constitutional errors, such as due process complaints, are
waived if not raised first in the trial court); see Wood v. Wood, 159 Tex. 350, 320
S.W.2d 807, 813 (Tex. 1959); Walker v. Employees Ret. Sys., 753 S.W.2d 796, 798
(Tex. App.-Austin 1988, writ denied).

 Relying on Bunton v. Bentley, 153 S.W.3d 50 (Tex. 2004) (per curiam),
Chemject asserts that it can raise constitutional issues for the first time on appeal. In
Bunton, the supreme court concluded that Bunton's claim that exemplary damages
were excessive in light of the actual harm could be raised for the first time on appeal
to the supreme court. Id. at 53. The court determined that it could be raised at that
time because the claim arose only after the court of appeals reduced the compensatory
award and exemplary damages had to bear a reasonable relation to the defendant's
conduct and to the actual harm suffered. Id.

 In the present appeal, absence of extrinsic fraud was a ground presented by
SWBT and Class Counsel as a basis for granting the motions for summary judgment. 
We affirmed on that basis rather than res judicata or the appropriateness of a class
maintaining a bill of review action. See Branton, 100 S.W.3d at 647 (explaining that
when a summary judgment does not state the grounds upon which it was granted, the
judgment must be affirmed if any of the grounds advanced in the summary judgment
motion are meritorious). Chemject has not explained how its constitutional claims
arose from or how they bear a relationship to this determination. See Tex. R. App. P.
38.1(h) (providing contentions must be supported by clear and concise arguments with
appropriate citations to authorities and to the record). Chemject's constitutional issues
could have been presented to the trial court in Chemject's response to the motions for
summary judgment. The constitutional issues it attempts to raise on appeal did not
arise only after our affirmation of the summary judgment on the basis of no extrinsic
fraud. Bunton, therefore, provides no authority for this issue.

 Citing Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex. 1982) (per curiam),
Chemject also argues that it would not be in the public interest-fundamental error-to
deprive an entire class of 5 million citizens a remedy in a case where there has been
fraud in the class action notice and on the court, "especially considering that the
purpose for giving class members notice of a class action settlement is to fulfill
constitutional due process requirements." Pirtle provides that "[f]undamental error
survives today in those rare instances in which the record shows the court lacked
jurisdiction or that the public interest is directly and adversely affected as that interest
is declared in the statutes or the Constitution of Texas." Id. Nonetheless, based on
our analysis of the issues presented in this appeal from the denial of a bill of review
challenging an underlying class action lawsuit, this argument is not persuasive. See
Briscoe, 722 S.W.2d at 407 ("The grounds upon which a bill of review can be
obtained are narrow because the procedure conflicts with the fundamental policy that
judgments must become final at some point."); Montgomery, 669 S.W.2d at 312
(stating bills of review are scrutinized "with extreme jealousy and the grounds on
which interference [with a final judgment] will be allowed are narrow and restricted"). 
Chemject's sixth issue is overruled. (13)

IV. CONCLUSION


 Accordingly, we dismiss appellate cause number 13-04-567-CV and affirm the
trial court's judgment in appellate cause number 13-06-032-CV.


 NELDA V. RODRIGUEZ

 Justice 


Memorandum delivered and filed

this 25th day of January, 2007.

1. Because the appeals are based on the same procedural facts and related arguments, we dispose
of them in one opinion.
2. "A 'municipal charge' is a fee that SWBT was charged by municipalities for use of public rights-of-way. SWBT passed this charge on to its customers in their bills." Northrup v. Southwestern Bell Tel.
Co. (Northrup I), 72 S.W.3d 1, 2 n.2 (Tex. App.-Corpus Christi 2002, no pet.) (op. on reh'g).
3. "The cy pres doctrine has been used to disburse proceeds of a class action lawsuit when the
amounts owing to each individual plaintiff are exceedingly small and/or identification of the amount due
each individual would be excessively difficult." Northrup v. Southwestern Bell Tel. Co. (Northrup II),
72 S.W.3d 16, 22 (Tex. App.-Corpus Christi 2003, pet. denied) (citing Susan Beth Farmer, More
Lessons Learned from the Laboratories: Cy Pres Distributions in Parens Patriae Antitrust Actions Brought
by State Attorneys General, 68 Ford. L. Rev. 361, 393 (1999)). The agreed settlement required SWBT
to pay $10 million into a settlement fund, with $3 million in cash and $7 million in same-as-cash service
credits.
4. On May 4, 2000, a final judgment was entered approving the settlement. A nunc pro tunc
order was entered on May 22, 2000, correcting a clerical error.
5. In Northrup II, this court determined that Wiesen failed to show he was a member of the class
and was, therefore, without standing to prosecute the appeal. Northrup II, 72 S.W.3d at 19-20.
6. Chemject sued SWBT and Class Counsel, Michael P. Lynn, P.C.; Jeffrey M. Tillotson, P.C.;
Michael R. Cowen; John T. Cox III; and Lynn Tillotson & Pinker, LLP., in the underlying bill of review
class action.
7. Exhibit A consisted of Wiesen's written deposition with twelve attachments.
8. We also note that two appeals, including the present one, were filed from the trial court's denial
of the bill of review and grant of the summary judgment motions. The notice of appeal filed on
December 28, 2004, from the order granting summary judgment in favor of SWBT was interlocutory
in nature and was dismissed for want of jurisdiction. See Chemject Intl Inc. v. Southwestern Bell Tel.
Co., No. 13-04-684-CV, 2006 Tex. App. LEXIS 677, at *1 (Tex. App.-Corpus Christi, Jan. 26, 2006,
no pet.) (per curiam).


Additionally, Chemject's notice of appeal also identifies the trial court's June 9, 2005 order denying its
motion to abate, or in the alternative, motion for continuance. However, on appeal, Chemject sets out
that it is only appealing from the orders granting the motions for summary judgment and the order
denying its motion for new trial. See Appellant's Brief at ix-x and Appendix No.1.

9. This argument would apply only to an appeal from the final judgment and not to an appeal from
the later orders in this case which we have determined are void. In re Dickason, 987 S.W.2d 570, 571
(per curiam) (orig. proceeding).
10. On appeal, it is urged that SWBT and Class Counsel conclusively negated one element of
Chemject's bill of review, that being extrinsic fraud. This is a traditional summary judgment argument. 
Because we agree and because the trial court did not specify the grounds it relied on, we will set out
the standard of review applicable only to the traditional motion for summary judgment.
11. Additionally, Southwestern Tariff Analyst (STA), a purported class member, attempted to
intervene and object to the Mireles Settlement. Representing STA were Marc Hill and Thomas Bray, two
of Chemject's attorneys in the present proceeding. STA participated in the final fairness hearing of the
Mireles suit, questioning witnesses, presenting its own expert testimony, and challenging the terms of
the Mireles Settlement. Mirroring the same objections Chemject now asserts, STA objected to the
Mireles Settlement because: (1) STA estimated that the value of the claims to exceed the settlement
amount; (2) STA believed that Class Counsel failed to identify illegitimate fees that SWBT charged to
the consumer; (3) STA believed that Class Counsel misstated the amount of illegal charges that SWBT
had passed on to consumers, and that the representation by Class Counsel that such charges were
"nominal" was incorrect; and (4) STA believed that individual damages were, contrary to Class
Counsel's representation, capable of accurate and expeditious calculation. STA dropped its objection
to the Mireles Settlement as part of an agreement whereby the Plaintiff Class and SWBT narrowed the
scope of the release, which allowed STA to pursue a separate class action against SWBT on behalf of
SWBT business customers. STA did not otherwise opt out of the Settlement Class. Therefore, STA
was bound by the final judgment entered by the trial court. The agreement between STA, the Class and
SWBT was read into the record at the final fairness hearing.
12. Rule 202.3(a) provides the following:


 At least 15 days before the date of the hearing on the petition, the petitioner
must serve the petition and a notice of the hearing--in accordance with Rule 21a-on all
persons petitioner seeks to depose and, if suit is anticipated, on all persons petitioner
expects to have interests adverse to petitioner's in the anticipated suit.


Tex. R. Civ. P. 202.3(a).
13. Because of our disposition of this appeal on the basis of the absence of extrinsic fraud, we
need not address the remaining sub-issues in Chemject's sixth issue or issues three through five which
involve arguments related to res judicata and the appropriateness of a class action appeal from a bill of
review ruling. See Tex. R. App. P. 47.1.